## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BERYL LEWIS,**

      **Plaintiff,**

**v.**                                         **Case No. 6:23-cv-76-AAS**

**KILOLO KIJAKAZI,**
**Acting Commissioner,**
**Social Security Administration,**

      **Defendant.**
_____/

### ORDER

      Beryl Lewis requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' memoranda, the Commissioner's decision is **AFFIRMED**.

## I.    PROCEDURAL HISTORY

      Ms. Lewis applied for DIB and alleged disability beginning on May 8, 2019. (Tr. 106, 240–43). Disability examiners denied Ms. Lewis's application initially and upon reconsideration. (Tr. 25–31, 134–37). Ms. Lewis requested a

1

hearing before an ALJ and amended her onset date to June 1, 2019. (Tr. 65–
66, 138–39). The ALJ issued an unfavorable decision to Ms. Lewis on August
25, 2022. (Tr. 10–19).

On November 15, 2022, the Appeals Council denied Ms. Lewis's request
for review, making the ALJ's decision final. (Tr. 1–3). Ms. Lewis requests
judicial review of the Commissioner's final decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Ms. Lewis was 57 years old on the date of the ALJ's decision. (Tr. 19,
240). Ms. Lewis completed some college (Tr. 269) and has past work experience
as a reservation clerk (Tr. 48–49, 244, 276, 269). Ms. Lewis alleges disability
due to anxiety, allergies, fibroid tumors, and pain in her lower back, lower leg,
and right ankle. (Tr. 38, 268, 287, 305–06).

### B.   Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1]
20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful
activity,[2] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has

---

[1] If the ALJ determines that the claimant is disabled at any step of the sequential
analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental
activity. 20 C.F.R. § 404.1572.

no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 404.1520(e). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] 20 C.F.R. § 404.1520(e)–(f). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ determined Ms. Lewis had not engaged in substantial gainful activity since her amended alleged onset date of June 1, 2019. (Tr. 12). The ALJ found Ms. Lewis had these severe impairments: obesity; osteoarthritis (right foot); lumbar degenerative disc disease; and degenerative joint disease of the right hip. (Tr. 13–14). The ALJ also found Ms. Lewis had the non-severe

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. § 404.1545(a)(1).

3

impairments of generalized anxiety disorder and adjustment disorder. (*Id.*). However, the ALJ found none of Ms. Lewis's impairments or any combination of her impairments met or medically equaled the severity of an impairment in the Listings. (Tr. 14).

The ALJ then found Ms. Lewis had the RFC to perform a reduced range of sedentary work.[4] (Tr. 14–18). Specifically, the ALJ found:

> [Ms. Lewis] could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds. [Ms. Lewis] could sit for a period of six hours, stand for a period of four hours, walk for a period of four hours, and push and pull as much as she could lift and carry. [Ms. Lewis] required a cane for ambulation, and she could frequently balance and occasionally stoop, kneel, crouch, and crawl and occasionally climb ramps and stairs. [Ms. Lewis] could never climb ladders, ropes, or scaffolds, but she could tolerate frequent exposure to unprotected heights, moving mechanical parts, and extreme cold, heat, and vibrations.

(Tr. 14–15).

Based on these findings and the testimony of a vocational expert, the ALJ determined Ms. Lewis could perform her past relevant work as a reservation clerk. (Tr. 18–19). As a result, the ALJ found Ms. Lewis not disabled from June 1, 2019, through the date of the ALJ's decision. (Tr. 19).

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

## III.   ANALYSIS

### A.   Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

(stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

## B.    Issue on Appeal

Ms. Lewis argues the ALJ failed to properly analyze her non-severe mental impairments. (Doc. 18, pp. 5–6). As a result, Ms. Lewis argues the ALJ's RFC determination is not supported by substantial evidence. (*Id.*). In response, the Commissioner contends substantial evidence supports the ALJ's findings and RFC assessment. (Doc. 19, pp. 5–8).

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To determine a claimant's RFC, the ALJ makes an assessment based on all the relevant record evidence on what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related conditions. 20 C.F.R. § 404.1545(a)(1). In rendering the RFC, the ALJ must consider the medical opinions with all the other record evidence and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating the "ALJ must consider the applicant's medical condition taken as a whole"). In doing so, the ALJ considers evidence such the objective medical evidence, the claimant's daily activities,

6

treatment, medications received, and other factors about functional limitations and restrictions for pain. *See* 20 C.F.R. § 404.1529.

The Commissioner must also consider the claimant's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence. *See* 20 C.F.R. § 404.1529. When a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit "requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If the physical or mental impairment could reasonably be expected to produce the claimant's symptoms, the ALJ evaluates the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. 20 C.F.R. § 404.1529(c). When the ALJ does not find the claimant's subjective testimony supported by the record, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Mitchell v. Comm'r of Soc.*

*Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, the ALJ found although Ms. Lewis's impairments could reasonably be expected to cause her alleged symptoms, her statements about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence or other evidence. (Tr. 14–16). The ALJ found Ms. Lewis's lumbar degenerative disc disease, degenerative joint disease of the right hip, osteoarthritis of the right foot, and obesity constituted severe impairments. (Tr. 13). The ALJ also found Ms. Lewis had the non-severe impairments of generalized anxiety disorder and adjustment disorder. (Tr. 13–14). Considering Ms. Lewis's impairments and the resulting limitations, the ALJ determined Ms. Lewis had the RFC to perform a reduced range of sedentary work.

In finding Ms. Lewis's mental impairments non-severe, the ALJ considered Ms. Lewis's subjective complaints and the medical evidence relating to her mental impairments. The ALJ also considered the four broad areas of mental functioning. (Tr. 13–14). In doing so, the ALJ found Ms. Lewis had no limitations in: (1) interacting with others; (2) concentrating, persisting, or maintaining pace; and (3) adapting or managing oneself. (*Id.*). The ALJ explained that although Ms. Lewis alleged mental impairments, the only diagnosis for anxiety predated the alleged onset date. (Tr. 14, 440, 473). The ALJ noted the record further showed Ms. Lewis conservatively treated her

anxiety with medication, Ms. Lewis did not receive mental health treatment during the relevant period, and no mental deficits appeared in Mr. Lewis's examination notes. (Tr. 14, 57–58). The ALJ also noted Ms. Lewis could perform activities of daily living, such as shopping, driving, personal care, some household chores, and managing her finances. (Tr. 13).

The ALJ considered Gregory Marone, Ed.D.'s psychological consultative examination. (Tr. 14). Although Ms. Lewis reported mild depression and episodes of severe anxiety, she reported no psychological deficits in performing activities of daily living. (*Id.*). Dr. Marone's examination notes revealed Ms. Lewis was polite, cooperative, alert, appropriately dressed and groomed, and demonstrated normal speech, refined social skills, no cognitive or perceptual defects, and unremarkable recent and remote memory. (*Id.*). Finding Dr. Marone's opinion unpersuasive, the ALJ stated Dr. Marone's suggestion that Ms. Lewis's emotional state was "severely vocationally limited" was too vague and suggested no specific limitations. (Tr. 16). The ALJ added "the record did not indicate any past/on-going treatment by a mental health professional, emergency care, or psychiatric hospitalization." (*Id.*).

The ALJ found persuasive the medical opinions from state agency psychological consultants Barry Morris, Ph.D., and Heather J. Hernandez, Ph.D., who both opined Ms. Lewis's mental impairments were non-severe. (*Id.*). The ALJ found these assessments persuasive as consistent with the

9

medical evidence. (*Id.*).

Ms. Lewis argues her case is analogous to *Schink v. Comm'r of Soc. Sec. Admin.*, in which the court held the ALJ erred in finding the plaintiff's mental impairments were non-severe. 935 F.3d 1245, 1268 (11th Cir. 2019). The court, however, explained the error could be harmless if the ALJ examined the plaintiff's mental impairments in evaluating his RFC. *Id.* In *Schink*, the court held the ALJ's step two error was not harmless because the ALJ limited the evaluation of the plaintiff's RFC solely to his physical impairments with "no real discussion of how the mental condition affected [plaintiff's] RFC." 935 F.3d 1268–69. The court also held even though the ALJ discussed the plaintiff's mental impairments at step two by evaluating the "paragraph B" criteria, the ALJ explicitly stated the analysis was "not a residual functional capacity assessment. . . ." *Id.*

Here, the ALJ explicitly discussed Ms. Lewis's non-severe mental impairments in evaluating her RFC. (Tr. 13–16). Unlike in *Schink*, Ms. Lewis makes no argument that the ALJ erred in its step two analysis. The ALJ also found persuasive the opinions of the state agency psychological consultants, who determined Ms. Lewis's mental impairments were non-severe. (Tr. 16). Thus, *Schink* is distinguishable.

The ALJ adequately considered the evidence relating to Ms. Lewis's mental impairments in evaluating her RFC. (Tr. 14–16). Because the ALJ

found Ms. Lewis had only mild limitations, the ALJ did not have to account for such limitations in the RFC assessment. *See, e.g.*, *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979–80 (11th Cir. 2016) (holding that the ALJ did not err in failing to include limitations in the RFC where it caused no more than mild limitations). Thus, substantial evidence supports the ALJ's RFC determination.

## IV.   CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk is directed to enter judgment for the Commissioner.

**ORDERED** in Tampa, Florida on August 2, 2023.

AMANDA ARNOLD SANSONE
United States Magistrate Judge